## IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY MARYLAND

**FREDA SHELTON** )
9087 Hardesty Drive )
Clinton, MD 20735 )
 )
    Plaintiff, )
 )
v. ) CIVIL ACTION NO. _____
 ) **JURY TRIAL DEMANDED**
 )
**United Consumers, Inc.** ) CAL13-32157
Serve:  Brett C. Beehler )
        12 South Summitt Ave, Suite 205 )
        Gaithersburg, MD 20877 )
 )
    Defendant, )
 )
**Equifax Information Services, Llc.** )
Serve:  CSC-Lawyers Incorporating Service Co. )
        7 St. Paul Street, Suite 1660 )
        Baltimore, MD 21202 )
 )
    Defendant, )
 )
**Experian Information Solutions, Inc.** )
Serve:  The Corporation Trust Incorporated )
        351 West Camden Street )
        Baltimore, MD 21201 )
 )
    Defendant, )
 )
**Trans Union, Llc** )
Serve:  CSC-Lawyers Incorporating Service Co. )
        7 St. Paul Street, Suite 1660 )
        Baltimore, MD 21202 )
 )
    Defendant. )

### COMPLAINT AND JURY DEMAND

COMES NOW the Plaintiff, Shelton Freda, and for her complaint against the Defendants United Consumers, Inc. ("UCI"), Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian") and Trans Union Llc ("Transunion") alleges as follows:



1

## PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.* ("FCRA"), the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), the Maryland Consumer Debt Collection Act, Md. Code Ann., Com. Law §14-201 *et seq* ("MCDCA") and the common law tort of defamation.

## PARTIES

2. The plaintiff is a natural person and resides in Clinton, Maryland. She is a "consumer" as defined by the FCRA, 15 U.S.C. §1681a(c) and the FDCPA, 15 U.S.C. §1692a(3).

3. Defendant UCI is a Virginia corporation that is licensed as a debt collection agency in Maryland.

4. Defendant UCI regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. S 1692a(6).

5. Defendant UCI is a furnisher of information as contemplated by FCRA section 1681s-2(a) & (b), in that it regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies.

6. Upon information and belief Defendants Equifax, Experian and Transunion (collectively "credit bureaus") are corporations authorized to do business in the State of Maryland.

7. Upon information and belief the credit bureaus are "consumer reporting agencies," as defined in 15 U.S.C. §1681a(f). Upon information and belief the credit bureaus are

regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d), to third parties.

8. Upon information and belief the credit bureaus disburse such consumer reports to third parties under contract for monetary compensation.

## FACTS

9. UCI falsely claims that Ms. Shelton owes a total of $1,953 to UCI for debt with Medical Payment Data and/or Fort Washington Hospital. The allege debt is related to personal medical services and is a "debt" pursuant to 15 U.S.C. §1692a(5).

10. UCI's claim is false for Ms. Shelton does not owe $1,953 to UCI and it has no right to enforce any debt against Ms. Shelton.

11. In June 2013 Ms. Shelton disputed the UCI account by submitting online disputes with the credit bureaus.

12. Experian and Trans Union inquired with UCI in regards to Ms. Shelton's dispute and verified the UCI debts as Ms. Shelton's per UCI's instruction.

13. Equifax did not respond to Ms. Shelton's online dispute and did not provide any notice of a determination that the dispute was frivolous.

14. Ms. Shelton wrote directly to UCI on August 1, 2013 where she requested UCI's proof of the debts and documentation establishing UCI could collect the debts.

15. UCI did not respond to Ms. Shelton's August 1st letter.

16. In addition to disputing the debt directly with UCI, Ms. Shelton contemporaneously disputed the UCI debt again with the credit bureaus.

17. Equifax and Trans Union purport to have forwarded the dispute to UCI for investigation.

18. Experian refused to investigate Ms. Shelton's dispute. Experian also refused to provide a description of first investigation after Ms. Shelton requested such description.

19. Upon information and belief, Equifax's and Trans Union's investigation consisted solely of sending an automated dispute form for UCI to fill out. Equifax and Trans Union accepted UCI's answer without any qualification.

20. On August 7, 2013 Equifax published its reinvestigation results, which verified the UCI debt as belonging to Ms. Shelton.

21. Ms. Shelton initiated another dispute with Equifax on or about August 17, 2013. In this dispute letter Ms. Shelton requested Equifax seek documents from UCI establishing proof of the debt and documents establishing UCI could collect the debt.

22. Trans Union reported its investigation results – UCI verified as correct -- to Ms. Shelton in correspondence dated September 17, 2013.

23. Equifax did not respond to Ms. Shelton's August 17th dispute and did not provide any notice of a determination that the dispute was frivolous.

### COUNT ONE: VIOLATIONS OF FCRA

24. Plaintiff realleges and incorporates paragraphs 1 through 23 above as if fully set out herein.

25. The credit bureaus violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation of Plaintiff's disputes.

26. Equifax failed to conduct a reasonable reinvestigation and record the current status of the Plaintiff's disputes in June 2013 and September 2013.

27. Experian failed to conduct a reasonable reinvestigation and record the current status of the Plaintiff's dispute on August 1, 2013.

28. The credit bureaus violated 15 U.S.C. §1681i(a)(5)(A) by failing to promptly delete the UCI account after receiving Plaintiff's dispute. Had the credit bureaus conducted an actual investigation they would have found that the LVNV account could not be verified and would have deleted the account.

29. The credit bureaus did not verify that UCI had any proof of the debt nor did the bureaus verify UCI could collect on the debt. UCI was obligated to delete the account because it did not verify the existence of the debt or that UCI could collect the debt.

30. UCI both negligently and willfully violated the Fair Credit Reporting Act at 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct a reasonable investigation of the account.

31. Either UCI did not investigate the dispute at all or UCI intentionally reported incorrect information. If UCI conducted a reasonable investigation it would have concluded that Plaintiff did not owe UCI $1,953. Additionally, UCI would have found that it does not have a legal right to collect any debt from the Plaintiff.

32. UCI had a duty under the FCRA at §1681s-2(b)(1)(D) & (E) to delete or modify the account after it could not verify the disputed information.

33. The Plaintiff has incurred economic damages and emotional distress damages as a result of the Defendant's collective actions and inactions, which have caused the erroneous derogative UCI account.

34. Plaintiff is seeking punitive damages in the amount of $50,000 for Defendants' willful violations of the FCRA under 15 U.S.C. §1681n. Plaintiff is also seeking actual damages in the amount of $20,000 for Defendants' negligent and willful violations of the FCRA under 15

5

U.S.C. §§1681n & 1681o. Additionally, Plaintiff is entitled to statutory damages of $1,000 and her costs for bringing this action. Lastly, Plaintiff reserves her right to obtain attorney and seek attorney fees.

### COUNT TWO: VIOLATIONS OF FDCPA

35. Plaintiff realleges and incorporates paragraphs 1 through 34 above as if fully set out herein.

36. Defendant UCI violated 15 U.S.C. §1692e by misrepresenting the amount of the debt owed by the Plaintiff.

37. Defendant UCI violated 15 U.S.C. §1692e by misrepresenting the debt was to owed to UCI.

38. Defendant UCI violated 15 U.S.C. §1692e by knowingly or recklessly communicating false information to the credit bureaus

39. Defendant UCI's debt collection activity has caused the Plaintiff economic damages and mental and emotional distress damages.

40. Plaintiff seeks actual damages in an amount of $20,000, statutory damages in an amount of $1,000 and reserves her right to seek reasonable attorney's fees in the event she obtains counsel.

### COUNT THREE: DEFAMATION

41. Plaintiff realleges and incorporates paragraphs 1 through 40 above as if fully set out herein.

42. UCI knowingly and without privilege reported inaccurate derogative information to the credit bureaus, who published the information publicly.

43. UCI's malicious reporting has caused Plaintiff problems in obtaining a mortgage loan at all or at favorable rates. Potential mortgage lenders have indicated that the UCI account is an obstacle for her getting approved for a loan or to obtain a loan at favorable rates. The Plaintiff has incurred expense in her attempts to remove the erroneous account from her credit report.

44. Plaintiff is seeking compensatory damages for UCI's malicious credit reporting.

## COUNT FOUR: MCPA

45. Plaintiff realleges and incorporates paragraphs 1 through 44 above as if fully set out herein.

46. Plaintiff's alleged debts – a medical bill – constitutes a "consumer transaction" under the MCDCA at §14-201(c). UCI is attempting to collect that debt and qualifies as a "collector" under the MCDCA at §14-201(b).

47. UCI violated the MCDCA at §14-202(3) by reporting false and derogative credit information regarding Plaintiff's credit worthiness.

48. UCI's violation of MCDCA at §14-202(3) is a per se violation of the MCPA at §13-301(14)(iii).

49. The Plaintiff is seeking actual damages in the amount of $20,000 and reserves her right to seek attorney's fees pursuant to MCPA at §13-408 from the Defendant UCI.

WHEREFORE, Plaintiff requests $20,000 in actual damages under the MCPA from UCI; jury award for compensatory damages from UCI for its defaming the Plaintiff; $20,000 in actual damages under the FDCPA from UCI; $1,000 in statutory damages under the FDCPA from UCI; $50,000 in punitive damages under the FCRA from the Defendants; $20,000 in actual damages under the FCRA from the Defendants; $1,000 in statutory damages under the FCRA for each

Defendant apiece; costs for litigating this action from all Defendants and Plaintiff reserves her right to request legal fees in the event she retains an attorney.

**TRIAL BY JURY IS DEMANDED.**

Dated: October 25, 2013

Respectfully submitted,

**FREDA SHELTON**

Freda Shelton
9087 Hardesty Drive
Clinton, MD 20735
(202) 567-1117
*Pro Se Plaintiff*